In the Matter of COWEN MANAGEMENT, INC., Appellant, v. ROBERT E. HERMAN, as State Rent Administrator, Respondent.— The Administrator concedes that under the registration statement filed by the landlord it was not obligated to paint and decorate the tenant's apartment. The landlord performed the needed plastering; but it is the Administrator's contention that the landlord neglected to render the essential service of furnishing interior repairs by failing to repaint the areas discolored by the plastering. Because of this omission the Administrator reduced the rent for the subject apartment. It would have been pointless, however, for the landlord to paint the areas as required by the Administrator. The tenant made formal application for what appeared to be an inseparable plastering and painting job throughout the apartment. The painting was evidently needed as badly as the plastering, as the tenant's wife wrote that she did not " think this apartment has been painted in about fifteen years. The paint is all eaten off the walls." The tenor of the many communications from the tenant indicate that he sought a combined plastering and painting job. But under the terms of his occupancy he was required to pay for the painting, and the landlord for the plastering. In fact, the tenant did paint the apartment shortly after the Local Rent Administrator had reduced his rent. Under the circumstances, therefore, it would have been a needless expenditure to require the landlord to paint plastered spots that were about to be painted anyway as part of the over-all, uniform painting, plastering and decorating of the entire apartment. Hence the landlord did not fail to furnish any essential service that he was obligated to render. Concur — Botein, P. J., Breitel, Valente, McNally and Eager, JJ.